## McGee *vs* Gibson.

ERROR TO THE JESSAMINE CIRCUIT.

*Landlord and Tenant.*

JUDGE MARSHALL delivered the Opinion of the Court.

TRESPASS.

*Case* 37.

*December* 10.

Contract proved.

THE plaintiff in the Circuit Court, having proved the contract under which he claimed the right of occupying the house referred to in the pleadings, at the time of the alleged trespass, and there being no other evidence on the subject, the contract must be assumed to have been such as was stated by this witness; and the rights of the parties growing out of it are matter of law and not of fact.

The contract was for the hire of the plaintiff to labor on the farm of the defendant, for which the defendant was to pay him, monthly, till the end of the year, the sums stipulated, and the defendant was to furnish a house to the plaintiff, and to keep his cow, for which he was to pay two dollars a month for the house and one dollar a month for the cow, both payable monthly.

Upon this contract, we are of opinion that there was no independent lease of the house for a year, or any other period, but that the right of occupancy was incident to the contract of hire, and ceased whenever, by mutual consent, or by the fault of the plaintiff, the services themselves ceased. Furnishing of the house at two dollars per month, was obviously a mode of paying a part of the wages of the plaintiff; and after such a cessation of his services as is above described, he could no more claim the right to occupy the house, or to feed his cow on the defendant's pasture, than he could claim any other portion of his hire. From that time he would be in no better condition than a strict tenant at will, who has, by his own act, terminated the tenancy, and would, at most, be entitled only to a reasonable time for removing from the house. The year, referred to in the contract, terminated in December, 1839, the entry and other acts of the de-

*A farmer employs a laborer for a year, at a stipulated price per month, agrees to furnish him a house at $2 per month, & keep his cow for $1 per month, payable monthly, the laborer is strictly a tenant at will, and so soon as he fails to labor, his tenancy is determined and notice to quit is not necessary.*

McGee
vs
Gibson.

fendant, complained of in the declaration, which was in trespass *quare clausum fregit*, were done on or after the fourth Saturday of October. The issue was, whether at that time the plaintiff had the right of possession, under the contract, or as it is called in the pleadings, the lease. The evidence was, that as early as June, 1839, the plaintiff ceased to labor for the defendant; that about the fourth Saturday in September a settlement took place between them, when the plaintiff fell in debt to the defendant in the sum of $31 00; that he then claimed the right to occupy the house till Christmas, but said he would leave it within the month if it was convenient for him to get another; and that he told the witness he had then made an arrangement with one Bohannon for a house. The acts complained of, were committed on the day that the month here spoken of expired, or the day after.

Instructions given by Circuit Judge.

Upon this evidence, the Court, on motion of the plaintiff, instructed the jury that if they believed, from the evidence, that at the time of the supposed trespass, the plaintiff was in possession of the tenement, under a lease for a year, which had not expired by lapse of time, the law was for the plaintiff.

It is error to submit to the jury questions of law for their decision.

This instruction, considered as a mere abstract proposition of law, may be admitted to be correct, but we are of opinion that, as an instruction upon the facts of this case, it was erroneous: 1st, Because, as we apprehend, there was, as a matter of law, no lease for a year, under the contract as proved, and 2d, because, if the right of occupancy under the contract, could be denominated a lease for a year, it was, as already shown, liable to be terminated otherwise than by *lapse of time*, and by facts which the evidence conduced to prove. The instruction was calculated to mislead the jury as to both of these points, and although they were afterwards instructed, that if they believed, from all the circumstances in the case, that the lease had expired when the supposed trespass was committed, they should find for the defendant. This instruction, which submitted, like the first, a question of law to the jury, and did not point out the facts on which that question depended, was wholly insufficient to correct the errors in the first, as it might possibly have done had

it directed and limited the jury to the proper subjects of their inquiry.

Wherefore, the judgment is reversed, and the cause remanded for a new trial, on principles consistent with this opinion.

*Hewitt* for plaintiff: *Oates & Lindsey* for defendant.